UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

P. J. COTTER,                                          Case No. 14-13115

            Plaintiff,                          Mark A. Goldsmith
v.                                                     United States District Judge

OCWEN LOAN SERVICES, L.L.C. *et al.*,                  Michael Hluchaniuk
                                                       United States Magistrate Judge

            Defendants.

_____/

## ORDER GRANTING MOTION TO SUBSTITUTE
## MICHAEL A. STEVENSON, TRUSTEE IN BANKRUPTCY,
## AS THE PARTY PLAINTIFF PURSUANT TO FED. R. CIV. P. 25(c)

## I.   PROCEDURAL HISTORY

On August 13, 2014, plaintiff P.J. Cotter filed a complaint against Ocwen

Loan Servicing, LLC, Potestivo & Associates, P.C., and several individual

defendants, asserting claims under the Fair Debt Collection Practices Act

(FDCPA), the Fair Credit Reporting Act (FCRA), and the Michigan Fair Debt

Collection Practices Act, with regard to defendants' attempts to enforce an alleged

security lien on plaintiff's property during the February 2013 through June 2014

time period.  (Dkt. 1).[1]  On August 20, 2014, this matter was referred to the

---

[1] Plaintiff had previously filed a lawsuit against GMAC Mortgage, LLC ("GMAC") to
halt foreclosure proceedings on the property at issue. *PJ Cotter v. GMAC Mortgage, LLC*, No.
12-15382 (E.D. Mich 2012).  The Court dismissed plaintiff's complaint with prejudice for failure
to state a claim on August 2, 2013.  *Cotter v. GMAC Mortg., LLC*, 2013 WL 3979371 (E.D.
Mich. Aug. 2, 2013).

undersigned for all pretrial purposes. (Dkt. 8). Plaintiff filed his first amended complaint on September 2, 2014, adding additional allegations of violations through August 2014. (Dkt. 9). On September 15, 2014, Michael A. Stevenson, and the firm of Stevenson & Bullock, P.L.C., filed a notice of appearance (Dkt. 14) and a Notice of Chapter 7 Bankruptcy (Dkt. 15), in which Stevenson, the Chapter 7 Trustee for the bankruptcy estate of P.J. Cotter, "claims an interest as the real party in interest in the Plaintiff's claims against the above-captioned Defendants." On September 30, 2014, plaintiff filed a motion to strike the Notice of Appearance. (Dkt. 24). The Court entered an Order on November 13, 2014, denying plaintiff's motion to strike and directing the Stevenson to file a motion to substitute into the proceedings as party plaintiff. (Dkt. 32). On November 19, 2014, Michael A. Stevenson, Trustee in Bankruptcy, filed a motion to substitute as the party plaintiff pursuant to Fed. R. Civ. P. 25(c). (Dkt. 33). This motion is ready for determination.

## II.   ANALYSIS AND CONCLUSIONS

Rule 25 of the Federal Rules of Civil Procedure governs substitution of parties and provides, in relevant part:

> If an interest is transferred, the action may be continued
> by or against the original party unless the court, on
> motion, orders the transferee to be substituted in the
> action or joined with the original party. The motion must
> be served as provided in Rule 25(a)(3).

Fed. R. Civ. P. 25(c).  As the Court explained in its prior order denying plaintiff's

motion to strike the Trustee's notice of appearance:

> The law is well-settled that when the bankruptcy estate is part of a Chapter 7 case, the bankruptcy trustee has the sole power to pursue pre-petition claims, and "[t]he debtor has *no standing* to pursue such [the estate's] causes of action." *See Bauer v. Commerce Union Bank*, 859 F.2d 438, 440-42 (6th Cir. 1988) (emphasis added); *see also Currithers v. FedEx Ground Package Sys., Inc.*, 2012 WL 380146, at *7 (E.D. Mich. Feb. 6, 2012) ("Assets of the bankruptcy estate are within the *sole* control of the trustee, the *only party* with standing to maintain actions related to such assets.") (emphasis added, citations omitted).  This is because, when an individual files for bankruptcy, "[t]he Bankruptcy Code . . . provides that the bankruptcy estate comprises 'all legal or equitable interests of the debtor in property as of the commencement of the case[.]" *Bauer*, 859 F.2d at 440-41 (citing 11 U.S.C. § 541(a)(1)).  It is well-settled that these property interests include all "causes of action" that can be brought by the debtor, such as those in this case. *Id.* at 441 (citing *Gochenour v. Cleveland Terminals Bldg. Co.*, 118 F.2d 89, 93 (6th Cir. 1941); *In re Ozark Rest. Equip. Co.*, 816 F.2d 1222, 1225 (8th Cir. 1987), *cert. denied*, 484 U.S. 848 (1987)).  "It is well-settled that the right to pursue actions formerly belonging to the debtor–a form of property 'under the Bankruptcy Code'–vests with the trustee for the benefit of the estate." *Id.* (internal quotation marks and citation omitted).  Thus, it is the trustee who "has capacity to sue and be sued," *id.* (citing 11 U.S.C. § 323(b)) and "[t]he debtor has no standing to pursue such causes of action." *Id.*

(Dkt. 32, Pg ID 313-15).  The Court concluded:

> There is no question that the claims asserted by plaintiff

3

> in this action accrued before plaintiff filed his
> Bankruptcy action on July 8, 2014.  (Dkt. 1, 9).
> Therefore, when plaintiff filed his Chapter 7 bankruptcy,
> Stevenson, as the Trustee for plaintiff's Estate, was
> vested with the right to pursue all actions–such as this
> one–formerly belonging to plaintiff.  Accordingly,
> Stevenson, as the Trustee for plaintiff's Estate, has an
> interest in this litigation, and should be substituted as
> party plaintiff to this litigation.

(*Id.*)

Stevenson has now filed a motion to substitute as the party plaintiff, pursuant to Fed. R. Civ. P. 25(c).  (Dkt. 33).  As explained above, the Court has determined that Stevenson is the real party in interest in this litigation and should be substituted into the case as the party plaintiff pursuant to Fed. R. Civ. P. 25(c), which permits the court to order substitution "[i]n case of any transfer of interest." Upon substitution, plaintiff Cotter will have no standing to proceed as a plaintiff or co-plaintiff in this action and should be dismissed.  *See Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 905-06 (6th Cir. 2012) (ordering that the district court could allow Auday to amend the complaint to *substitute*, not add, the Trustee as the plaintiff); *Williams v. Saxon Mortg. Servs., Inc.*, 2014 WL 765055, at *7 (E.D. Mich. Feb. 26, 2014) (concluding that the bankruptcy trustee is the sole proper plaintiff and that the Williams plaintiffs had no standing to proceed as plaintiff's or co-plaintiffs in this action and should be dismissed); *Auday v. Wetseal Retail, Inc.*, 2013 WL 2457717, at *9 (E.D. Tenn. June 6, 2013) (ordering that the trustee

be substituted into case, and denying plaintiffs' request to join the trustee as a

party).

Accordingly, Stevenson's motion to substitute as the party plaintiff is

**GRANTED** and the case caption should be amended to list Michael A. Stevenson,

Trustee in Bankruptcy, as party plaintiff in place of P.J. Cotter's name.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but

are required to file any objections within 14 days of service as provided for in

Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). A party may not

assign as error any defect in this Order to which timely objection was not made.

Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to

which the party objects and state the basis of the objection. Pursuant to Local

Rule 72.1(d)(2), any objection must be served on this Magistrate.

Date: November 24, 2014                       s/Michael Hluchaniuk
                                              Michael Hluchaniuk
                                              United States Magistrate Judge

5

## **CERTIFICATE OF SERVICE**

I certify that on November 24, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel and ECF participants of record.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov

6