UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. STEVENSON,
Trustee in Bankruptcy,

        Plaintiff,                                    Civil Action No. 14-CV-13115

vs.                                              HON. MARK A. GOLDSMITH

OCWEN LOAN SERVICING, LLC,
et al.,

        Defendants.
_____/

**OPINION AND ORDER (1) STRIKING FILING (Dkt. 38) AND (2)
OVERRULING COTTER'S OBJECTIONS (Dkts. 36, 39)**

### I. INTRODUCTION

P-J Cotter filed this action, pro se, against Defendants, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Michigan Fair Debt Collection Practices Act, Mich. Comp. Laws §§ 339.901 et seq., 445.251 et seq. See Am. Compl. (Dkt. 9). The matter was referred to the Magistrate Judge for all pretrial proceedings. See Order of Referral (Dkt. 8). Shortly thereafter, Michael A. Stevenson entered a notice of appearance, on behalf of himself, as Chapter 7 Trustee (Dkt. 14), and a notice of Chapter 7 bankruptcy (Dkt. 15). In the notice of bankruptcy, Stevenson stated that Cotter filed for voluntary Chapter 7 bankruptcy, and that Stevenson was appointed as Chapter 7 Trustee to administer Cotter's bankruptcy estate. Notice of Chapter 7 Bankruptcy at 1. Stevenson asserted that, as Chapter 7 Trustee, he was entitled to possession and control of Cotter's assets, including claims for damages resulting from harm and any award or settlement resulting from those claims. Id. Accordingly, Stevenson claimed an interest in this litigation as the real party in interest. Id.

1

Cotter filed a motion to strike Stevenson's appearance and the notice of bankruptcy (Dkt. 24), which the Magistrate Judge denied (Dkt. 32). Stevenson subsequently filed a motion to substitute in as the plaintiff (Dkt. 33). The Magistrate Judge granted Stevenson's motion and substituted Stevenson for Cotter as the plaintiff in this action, thereby terminating Cotter from the lawsuit (Dkt. 34).

After his termination from the lawsuit, Cotter submitted several filings to the Court titled "Notice [t]o District Judge Mark A. Goldsmith." See Dkts. 36, 38, 39. Although not explicitly labeled as formal objections under Federal Rule of Civil Procedure 72, the substance of these filings appear to object to various aspects of the Magistrate Judge's handling of Cotter's case, and the Court will construe the notices as objections.[1] For the reasons set forth fully below, the Court overrules all of Cotter's objections.

## II. ANALYSIS

Before reaching the merits of Cotter's objections, the Court must first address the appropriate standard of review. Magistrate judges are authorized to hear and determine any pretrial matter referred by a district judge, except for certain civil motions, which include, as relevant here, motions for injunctive relief, judgment on the pleadings, summary judgment, to certify or decertify a class, to dismiss for failure to state a claim, and to involuntarily dismiss an action. 28 U.S.C. § 636(b)(1)(A). Any pretrial or other non-dispositive order to which a party objects must be reviewed by the district court for clear error. Fed. R. Civ. P. 72(a). Magistrate judges may also hear and consider matters dispositive of a party's claim or defense — including the motions exempted in § 636 — but must issue proposed findings of fact and conclusions of

---

[1] Cotter filed two sets of objections on December 9, 2014: Docket No. 38 and Docket No. 39. Docket No. 39 is titled "Amended Notice to District Judge Mark A. Goldsmith." Thus, the Court understands Docket No. 39 to supersede Docket No. 38, and will review Docket No. 39 as the operative set of objections for this date. The Court strikes Docket No. 38, accordingly, as moot.

law for the district court judge's review and disposition. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Dispositive matters, to which parties submit timely and proper objections, are subject to de novo review. Fed. R. Civ. P. 72(b)(3). Accordingly, the Court's standard of review is dependent upon the nature of the order(s) to which the parties object.

It is unclear from the face of the objections as to which of the Magistrate Judge's orders Cotter is objecting, but there are two possibilities: (i) the order denying Cotter's motion to strike Stevenson's notice of appearance and notice of bankruptcy (Dkt. 32), and (ii) the order substituting Stevenson as the plaintiff in the case (Dkt. 34). Both orders address non-dispositive, pretrial matters. See E.D. Mich. LR 7.1(e)(1)(A) (defining dispositive motion); see also Specialty Fin. Grp., LLC v. DOC Milwaukee, LP, No. 10-C-315, 2010 WL 5419105, at *1 (E.D. Wisc. Dec. 22, 2010) (characterizing a motion to substitute plaintiffs as a non-dispositive motion).[2] Therefore, the Court will review the Magistrate Judge's orders for clear error.

---

[2] One court in this district has noted that there is disagreement as to whether a motion to strike pursuant to Federal Rule of Civil Procedure 12(f) is a dispositive motion. See Herrerra v. Mich. Dep't of Corrs., No. 5:10-CV-11215, 2011 WL 3862426, at *1 n.1 (E.D. Mich. July 22, 2011), adopted by No. 10-11215, 2011 WL 3862386 (E.D. Mich. Sept. 1, 2011). Guided by the Sixth Circuit on this topic, the Court concludes that, at least under the present circumstances, the Magistrate Judge's order disposing of Cotter's motion to strike is a non-dispositive one. In Bennett v. General Caster Service of N. Gordon Company, Inc., 976 F.2d 995 (6th Cir. 1992), the Sixth Circuit recognized that the enumerated list of filings contained in the Federal Magistrates Act — listing items over which a magistrate judge may not issue a final order — is non-exhaustive. Id. at 997. The Bennett court explained that a magistrate judge lacks authority to issue a final order "in circumstances analogous to those set forth in [the] list," i.e., those circumstances in which the order is the functional equivalent to an involuntary dismissal. Id. Often, an order under Rule 12(f) may be dispositive of a party's claims or defenses and, thus, may warrant a full report and recommendation, which, if properly objected to, would be subject to de novo review. See Fed. R. Civ. P. 72(b). However, here, Cotter's Rule 12(f) motion to strike would not have been dispositive of any party's claims or defenses. Accordingly, the Court concludes that the Magistrate Judge retained authority to enter an order disposing of Cotter's motion to strike. Even if the Magistrate Judge did lack authority to enter a final order, the Court would construe the order as a report and recommendation subject to full de novo review and reach the same conclusion as the Magistrate Judge.

3

General objections to a magistrate judge's report or order, without identifying or explaining specific issues of contention or sources of error, are insufficient to trigger this Court's review. Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508-509 (6th Cir. 1991); Watkins v. Tribley, No. 09-cv-14990, 2011 WL 4445823, at *1 (E.D. Mich. Sept. 26, 2011) ("An 'objection' that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection."). Furthermore, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." McPherson v. Kelsey, 125 F.3d 989, 995-996 (6th Cir. 1997) (citations and internal quotation marks omitted).

## A. 12/5/2014 Objections

Nearly all of Cotter's assertions/objections begin with the unsubstantiated and frivolous premise that the Magistrate Judge has been biased and prejudiced against Cotter in this case, and that the Magistrate Judge has somehow abused his position of authority on the bench. Furthermore, many of Cotter's objections are vaguely stated, incoherent, or express mere disagreement with the Magistrate Judge's decision, and are devoid of further factual or legal support, rendering them insufficient to invoke this Court's review. As discussed below, many of Cotter's objections are rejected on this basis alone; however, other objections suffer from additional defects, as well.

### 1. Cotter's Objections that Stevenson Lacks an Interest in this Case

Cotter first objects by claiming that Stevenson lacks an interest in this case. Cotter's objections with respect to this point appear to be premised on undeveloped and conclusory

assertions that the associated bankruptcy proceeding is somehow invalid. For instance, Cotter variously alleges that (i) the Chapter 7 bankruptcy filing was in violation of a partially-identified credit counseling statute, (ii) "no documents . . . [were] submitted with the classification of Debtor" in the associated bankruptcy case, (iii) all documents submitted in the bankruptcy case stated "All Rights Reserved, Void Where Prohibited By Law, Vi Coactus," and (iv) a presumption of abuse arose under the means test, which requires that the Chapter 7 bankruptcy be converted to a Chapter 13 bankruptcy pursuant to 11 U.S.C. § 707(b)(2).[3] 12/5/2014 Obj. at 2-3. Cotter continues to attack the bankruptcy proceeding on the grounds that a statement, submitted to the bankruptcy court by the United States Trustee, that rejects Cotter's contention that a presumption of abuse has arisen, "has never been produced for examination and inspection,"[4] and that there are no known creditors in the bankruptcy case. Id. at 3, 4. Cotter

---

[3] Section 707 permits a court to dismiss a case filed under that chapter, or to convert the case into a bankruptcy under Chapter 11 or 13, where certain conditions are met. Section 707(b)(1) permits a court to either "dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title," if the court determines that to grant the debtor bankruptcy relief would be an abuse of the bankruptcy provisions. Section 707(b)(2)(A)(i) sets forth a standard under which a court is to presume that granting a debtor relief under the bankruptcy code would be an abuse of the bankruptcy provisions. Presumably, in this objection, Cotter is suggesting that this standard has been met and, accordingly, his bankruptcy must be converted into a Chapter 13 bankruptcy.

[4] After reviewing the docket for the bankruptcy matter, the Court understands Cotter's objection to take issue with the fact that a docket filing indicates that the United States Trustee "filed a statement with the court indicating that no presumption of abuse has arisen," but the actual filing is comprised of a notice issued by the clerk of the bankruptcy court and not the United States Trustee's actual statement. See In re Cotter, 14-51270, 8/11/2014 Docket Filing (Dkt. 19). Thus, it appears to be Cotter's contention that a statement or filing by the United States Trustee exists somewhere, but has not been made available to Cotter. However, the docket entry associated with the docket filing states, "The Debtor originally declared that this case was presumed to be an abuse under 707(b)(2). The United States Trustee has reviewed all materials filed by the debtor and has determined that the debtor's case is NOT presumed to be an abuse under 707(b)(2)." Id. 8/11/2014 Docket Entry (Dkt. 19). According to that entry, the docket entry statement itself was filed and entered by individuals from the United States Trustee's

also summarily states that a show-cause hearing has been scheduled in the bankruptcy proceeding, ostensibly for the "production of verified and validated facts of any Creditors that [Trustee Stevenson is] acting to collect funds for." Id. at 4, 12-13.

Cotter's concerns are more properly raised in the forum exercising jurisdiction over the bankruptcy matter — the bankruptcy court. If Cotter is dissatisfied with the bankruptcy court's resolution of his concerns, Cotter may appeal the bankruptcy judge's decision in accordance with the bankruptcy code, 28 U.S.C. § 158. If Cotter is successful before the bankruptcy judge or on appeal, such that a defect in the bankruptcy proceeding rendered Stevenson's interest in the present case, as Chapter 7 Trustee, invalid, Cotter may then seek to be relieved from any order or judgment predicated upon Stevenson's interest in this case, pursuant to Federal Rule of Civil Procedure 60. Accordingly, Cotter's objections as to Stevenson's interest in the case are overruled.

**2. Cotter's Objections that the Case Caption was Improperly Modified**

Cotter also makes numerous objections that the case caption was improperly modified from "P-J:Cotter" to "P-J Cotter" or "P. J. Cotter." 12/5/2014 Obj. at 3-6, 7, 8. At times, Plaintiff states that this was done in violation of Federal Rule of Civil Procedure 11. E.g., id. at 5. There is no evidence on the docket that the case caption was "deliberately" changed, as alleged by Cotter. Furthermore, Rule 11 bears absolutely no relevance to the appearance of a case caption. See Fed. R. Civ. P. 11 (governing the signing of papers, representations made to the court, and sanctions). Nor does Cotter explain how the purported modifications affect his case in any way. Accordingly, the Court overrules Cotter's objections concerning the appearance of his name in the case caption.

---

office. Id. Thus, it appears that the docket entry comprises the United States Trustee's statement, which is available for viewing and inspection by Cotter through the docket.

### 3. Cotter's Objections Regarding a Failure to File a Statement of Corporate Affiliations and Financial Interest

In his objections, Cotter also argues that Stevenson and his counsel of record failed to file a statement of disclosure regarding corporate affiliations and financial interests, in violation of Federal Rule of Civil Procedure 7.1 and Local Rule 83.4. 12/5/2014 Obj. at 6. Rule 7.1 requires that a "nongovernmental corporate party" must file a disclosure statement indicating certain information. Fed. R. Civ. P. 7.1(a). Local Rule 83.4 articulates a similar requirement. E.D. Mich. LR 83.4(a). Cotter's objection is not well taken for the reason that Stevenson is proceeding as Chapter 7 Trustee in his individual capacity and not as a corporate party. See Notice of Chapter 7 Bankruptcy. Therefore, no such statement of disclosure is required. The Court overrules these objections.

### 4. Cotter's Objections that the Magistrate Judge Improperly Decided a Dispositive Motion

Cotter's objections also contain three conclusory allegations that the Court believes to be connected, concerning a motion submitted by Cotter. First, Cotter asserts that a dispositive motion for injunctive relief against Stevenson was pending on the docket. 12/5/2014 Obj. at 6. Second, Cotter asserts that no verified response to Cotter's motion and brief was filed by Stevenson or his counsel of record. Id. In connection with these statements, Cotter references Docket Nos. 24 and 31, which refer to Cotter's motion to strike Stevenson's notice of appearance and notice of Chapter 7 bankruptcy, and to Cotter's reply to Stevenson's response to the motion to strike, respectively. Finally, Cotter argues elsewhere in his objections that the Magistrate Judge issued an order not requested by Cotter or any of the defendants to the case, and that, in doing so, the Magistrate Judge improperly cited to Federal Rule of Civil Procedure 7(a) rather than to Rule 72(b). Id. at 8. The Court understands this last objection to be arguing, at least in

7

part, that the Magistrate Judge improperly decided a dispositive motion, i.e., the purported motion for injunctive relief against Stevenson.[5]

As to Cotter's first and third objections, a motion to strike Stevenson's notice of appearance and notice of bankruptcy is not dispositive of any party's claims or defenses.[6] While Cotter characterizes his motion as one for injunctive relief, there is nothing in the motion itself that supports that characterization. In support of his motion to strike, Cotter cited Federal Rules of Civil Procedure 12(f) and 7(b), Mot. to Strike at 2 (Dkt. 24), neither of which governs a motion for injunctive relief. Rather, Rule 12(f) governs motions to strike defenses or other matters from a pleading, Fed. R. Civ. P. 12(f), and Rule 7(b) simply requires that all requests to the Court be made in the form of a motion, Fed. R. Civ. P. 7(b). The relief sought in Cotter's motion requested the Court to strike all entries made by Stevenson, consistent with a motion to strike, but did not request further, affirmative relief in the form of an injunction. See Mot. to Strike at 6. As such, the Magistrate Judge was well within his authorization to issue an order on the motion to strike. See Fed. R. Civ. P. 72(a) (permitting a magistrate judge to issue an order on "a pretrial matter not dispositive of a party's claim or defense"). Furthermore, the Magistrate Judge's order was issued in response to Cotter's motion to strike; as such, the order was indeed requested by one of the parties to the case — by Cotter himself — and therefore was not issued sua sponte, as Cotter appears to allege. And finally, Cotter's contention that the Magistrate Judge cited the wrong rule of civil procedure in his order is nonsensical. Cotter references

---

[5] This argument is made clearer in Cotter's second set of objections. See 12/9/2014 Obj. at 11-12 (Dkt. 39).

[6] Furthermore, as discussed supra, even if Cotter's motion to strike was a dispositive motion warranting a report and recommendation as opposed to an order, the dispositive nature of the motion would require that the Court subject the Magistrate Judge's decision to de novo review, rather than review for clear error. As stated previously, Cotter's objections fail to persuade under either form of scrutiny — clear error or de novo review; therefore, the fact that the Magistrate Judge issued an order, as opposed to a report and recommendation, is immaterial.

Docket No. 32, the Magistrate Judge's order denying Cotter's motion to strike, in connection with this last statement. 12/5/2014 Obj. at 8. The Court has reviewed the order in question and has not found a single reference to Rule 7(a). Therefore, Cotter's first and third objections concerning this issue are overruled.

As to his second objection, Cotter provides no support for his implicit contention that any response to his motion to strike needed to be a verified response. Therefore this objection is also without merit.

### 5. Cotter's Objections that Hearsay Evidence was Introduced and Considered

Cotter's objections also assert that the Magistrate Judge has entertained hearsay evidence from Stevenson and his counsel, in violation of Federal Rule of Civil Procedure 11. 12/5/2014 Obj. at 7, 8-9. Cotter provides no explanation as to what the alleged hearsay evidence was, or why the evidence was hearsay. Furthermore, Cotter provides no explanation for why Rule 11 would apply to the purported introduction of hearsay here. Accordingly, the Court overrules Cotter's evidentiary objections as undeveloped and unsubstantiated.

### 6. Cotter's Objections Regarding Ocwen Financial Corporation's Counsel

In his objections, Cotter states that the Magistrate Judge has impermissibly allowed the case to move forward without the entry of counsel for Ocwen Financial Corporation and Defendant Ronald Ferris. 12/5/2014 Obj. at 7-8. First, Ocwen Financial Corporation is not a listed defendant in this matter, although Ocwen Loan Servicing, LLC is a named defendant and does have representation listed on the docket. See Notice of Appearance (Dkt. 16). Ronald Ferris is also represented according to the docket. See Notice of Appearance (Dkt. 17). Thus, Plaintiff's objections on this point are erroneous and overruled.

### 7. Cotter's Objections that the Magistrate Judge Improperly Provided Legal Advice

Cotter argues that the Magistrate Judge, by instructing Stevenson to file a motion to substitute, in accordance with Federal Rule of Civil Procedure 25(c), gave "concise legal advice to [Stevenson and his counsel] by giving them the compilation of the legal entries allowing them to enter into [the case] without the confirmation of any legal status to do so," and that Stevenson and his counsel acted in concert with the Magistrate Judge by subsequently filing the motion. 12/5/2014 Obj. at 9-10. Courts routinely instruct parties to submit certain filings or motions in court orders or opinions. The Court fails to see how the Magistrate Judge acted improperly by reviewing the merits of Stevenson's interest in this case, and concluding that Stevenson's interest was legitimate and thereby should be given effect. This objection is overruled.

### 8. Cotter's Objection that a Conflict of Interest Exists

Cotter asserts that a conflict of interest exists between Stevenson's role as the Chapter 7 Trustee, where he is responsible for distributing Cotter's estate to creditors like Defendant Ocwen Loan Servicing, LLC, and Stevenson's role as acting plaintiff in the present matter, where he is against Defendant Ocwen Loan Servicing, LLC. 12/5/2014 Obj. at 11. There is no such conflict.

It is well established that upon declaring bankruptcy a debtor loses standing to pursue any existing legal or equitable claims, as those claims become the property of the debtor's estate and may only be pursued by the trustee. Auday v. Wet Seal Retail, Inc., 698 F.3d 902, 904 (6th Cir. 2012). Thus, unless the trustee abandons the claim — which Cotter does not presently allege — only the trustee may bring Cotter's claim. Id. As Cotter points out, this rule places Stevenson in the position of pursuing litigation against the same creditors that may receive distributions to the estate. Nonetheless, this fact does not give rise to a conflict of interest because the trustee does

10

not represent the creditors; rather, the trustee represents the bankruptcy estate. 11 U.S.C. § 323(a); see also In re Cottrell, 82 B.R. 45, 46-47 (W.D. Ky. 1987), aff'd 876 F.2d 540 (6th Cir. 1989) ("As the Bankruptcy Court pointed out, the trustee represents neither the creditor nor the debtor. The trustee represents the estate."). Accordingly, Cotter's suggestion that Stevenson's position as Chapter 7 Trustee, by itself, creates a conflict of interest is simply contrary to law.

### 9. Cotter's Objections Regarding "Non Authenticated Documents"

Cotter makes a number of objections concerning the entry of "non verified" or "non authenticated" documents into both this case and the associated bankruptcy matter. 12/5/2014 Obj. at 11-12. Cotter does not further explain what he means by "non verified" or "non authenticated," nor does he identify which documents he believes to be "non verified" or "non authenticated." Although Cotter references Docket Nos. 32 and 34 in connection with one of these objections, id., those docket numbers correspond to orders issued by the Magistrate Judge, not to any filing submitted by any of the parties. Elsewhere in his objections, Cotter intimates that documents bearing the caption "P. J. Cotter" as opposed to "P-J:Cotter" are "unfounded," id. at 5-6, but fails to elaborate further as to why the appearance of Cotter's name would implicate the validity of any document. Without further information, the Court is unable to evaluate these objections, and, consequently, they are overruled.

### 10. Cotter's Objection Regarding Removal from the E-Filing System

Cotter also objects to the Magistrate Judge's decision on the grounds that the allegedly improper substitution, and subsequent removal of Cotter from the e-filing system, prevented Cotter from responding to the order denying his motion to strike, Stevenson's motion to substitute parties, and the order granting Stevenson's motion to substitute parties, as was Cotter's purported right pursuant to Federal Rule of Civil Procedure 72(b). 12/5/2014 Obj. at 10-11.

However, Cotter did, in fact, object to the Magistrate Judge's orders, by mailing his objections to the Court. Therefore, any right to review and respond to the Magistrate Judge's orders was not adversely affected by Cotter's termination from the e-filing system.

**B. 12/9/2014 Objections**

As with his earlier objections, Cotter's second set of objections nearly all begin with the same frivolous and unsubstantiated allegations against the Magistrate Judge. See generally 12/9/2014 Obj. (Dkt. 39). Moreover, it appears that these later objections merely parrot Cotter's earlier-made objections, including that (i) the Magistrate Judge permitted the case to go forward without the entry of counsel for Ocwen Financial Corporation and Defendant Ronald Ferris, id. at 2; (ii) the Magistrate Judge improperly entertained a motion from Stevenson, and improperly entered an order substituting Stevenson as the plaintiff in this matter in place of Cotter, id. at 2-3, 8-9; (iii) the Magistrate Judge considered hearsay evidence in substituting the parties as the plaintiff, id. at 4; (iv) the Magistrate Judge improperly provided legal advice to Stevenson in granting Stevenson leave to file a motion to substitute, id. at 4-8; (v) a conflict of interest exists between Stevenson acting as the plaintiff in the case against an alleged creditor and Stevenson acting as Chapter 7 Trustee in the distribution of funds to the same alleged creditor in the bankruptcy case, id. at 9-10; (vi) "non authenticated" and "non verified" documents have been entered into this matter, id. at 1, 11, 12-13; (vii) the legitimacy of the associated bankruptcy is at issue, id. at 13-14; (viii) the Magistrate Judge improperly entered an order on a motion for injunctive relief without recommendations of law and fact for the district court's review and disposition, id. at 2-3, 11-12; and (ix) the Magistrate Judge improperly removed Cotter from the e-filing system, id. at 9.[7]

---

[7] To this particular objection, Cotter adds that the removal violated his due process rights and adversely affected his right to a jury trial. 12/9/2014 Obj. at 9. The Court observes that Cotter

12

Because these later objections are merely repetitive of Cotter's earlier objections, the analysis provided supra is equally applicable here. For those reasons, which need not be repeated, the Court overrules Cotter's second set of objections.

### IV. CONCLUSION

For the foregoing reasons, Cotter's objections (Dkts. 36, 39) are overruled. Cotter's filing at Docket No. 38 is ordered stricken.

SO ORDERED.

Dated: May 5, 2015                              s/Mark A. Goldsmith
     Detroit, Michigan                         MARK A. GOLDSMITH
                                                  United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 5, 2015.

                                                    s/Johnetta M. Curry-Williams
                                                    Case Manager

---

still had the opportunity to — and did — file objections by mailing those objections to the Court. Therefore, Cotter's due process rights were not impeded by his removal from the e-filing system. Moreover, because Cotter's claim belongs to the bankruptcy estate, and not to Cotter individually, Cotter's individual right to a jury trial is not implicated in this case. Cf. Bauer v. Commerce Union Bank, Clarksville, Tenn., 859 F.2d 438, 440-441 (6th Cir. 1988) (explaining that a statutory right to a jury trial belongs to the individual prosecuting the claim, which, in the case of parties undergoing bankruptcy proceedings, is the trustee as representative of the bankruptcy estate).